Koppel Industrial Car and Equipment Company, Plaintiff, *v.* Portalis & Co., Limited, Defendant.

Supreme Court, New York Special Term, May, 1922.

Practice — demand for admission of facts by adversary — motion to strike out demand — to what extent granted — sale of goods — Civil Practice Act, § 323.

The purpose of section 323 of the Civil Practice Act which provides only for a demand for an admission of facts which one's adversary has not denied in any shape or form and which are known to him or the truth or falsity of which is easily ascertained by him but without much trouble or expense and without basing them upon opinion, is to simplify the issues, shorten the trial and save time and expense in matters that can be proven, but proof of which will necessarily impose labor and expense on the party seeking to prove them, which in justice should never be imposed.

Said section was never intended to do other than provide for admissions for a useful purpose, and unless carefully applied will open a way for some to place upon an opponent the burden and expense necessary to prove their own case.

When the codifiers formulated section 1569 of the Civil Practice Act, which provides an exception to the general rule contained in section 1568 of the act to the effect that when the best interests of justice will be served the court in its discretion may apply any remedial provision of the act which is not inconsistent with the proceedings theretofore had, they had in mind section 323 of said act.

In an action in which issue was joined prior to October 1, 1921, to recover damages for defendant's refusal to accept and pay for a certain number of reels of wire purchased by plaintiff for defendant on its order under an agreement to pay therefor certain stipulated prices, the answer consisted of a general denial and several counterclaims based on breaches of contract for failure to deliver on time and breaches of warranty and the reply denied the counterclaims and interposed separate defenses thereto.  *Held*, that a motion to strike out a notice and demand made by defendant under section 323 of the Civil Practice Act, for the admission of certain facts, will be granted only in part, *i. e.*, all demands calling for questions of opinion, all that are not definitely ascertainable by plaintiff, all that call for " half a fact " and all that would be inadmissible as evidence at the trial, will be stricken out.

Motion to strike out notice and demand under section 323 of the Civil Practice Act.

*Hornblower, Miller & Garrison* (*J. Norris Miller* and *Rene A. Wormser*, of counsel), for plaintiff.

*Gould & Wilkie* (*Charles G. Keutgen*, of counsel), for defendant.

Cohalan, J.  The plaintiff moves to strike out a notice and demand under section 323 of the Civil Practice Act.  The action is brought to recover damages for defendant's refusal to accept and pay for a number of reels of wire ordered by defendant and purchased by plaintiff for defendant under an agreement calling upon the defendant to pay certain stipulated prices therefor.  The wire was shipped by plaintiff to defendant in the Argentine Republic.  The answer consists of a general denial and five counterclaims based on breaches of contract in failing to deliver on time and breaches of warranty.  The reply makes general denials of the counterclaims and interposes separate defenses.

Before making a determination on the merits it will be necessary to consider whether or not — this action having been commenced and issue joined prior to October 1, 1921 — the provision of the new Practice Act with regard to admissions is applicable to it. Sections 1568 *et seq.* of the Civil Practice Act show the extent of the application of this act.  Section 1568 expressly states that it applies to all actions or special proceedings " hereafter commenced." Section 1569 provides an exception to the general rule contained in section 1568 to the effect that the court in its discretion, when the best interests of justice will be served, may apply any remedial provision of the act which is not inconsistent with the proceedings theretofore had.  The wording of sections 1568, 1569 and 323 of the Civil Practice Act has raised some doubt as to whether or not one may serve a notice or a demand for admissions in an action

commenced prior to October 1, 1921, and if so, whether or not it may be done without applying to the court for leave to take advantage of such remedial provision. I believe the provisions of section 323 are such as the codifiers had in mind in formulating the exception of section 1569 to the general rule of section 1568. As to the second query, in view of the causes leading up to the adoption of the new Practice Act and Rules, it seems to me that though it might be more expeditious to ask leave of the court in the first instance, one may serve a notice or demand without obtaining leave, and if his adversary has any objections to make he may present them in a motion to strike out — as is being done here.

Admissions, as well as stipulations, are useful. Sometimes they are dangerous, and section 323 of the Practice Act was never intended to do other than provide for admissions for a useful purpose. It is difficult, if not practically impossible, in the application of this section, to draw a general line of demarcation. Each case must be considered on its own merits, keeping in mind whether or not justice will be served by allowing the demand for the admissions. Frequently it will be for the best interests of justice to strike out requests for admissions, even though on their face, taken in conjunction with the pleadings, they appear to be matters that should be the subject of admission. For in some cases what might seem, from the pleadings and demand, to be a fact that should be admitted without putting the adversary to the trouble and cost incident to proof may be an admission that with other evidence introduced at the trial would place a fact in a far different light than the party admitting had intended. Again, a demand may call for an admission of a fact which as a matter of law would be inadmissible on a trial, and it goes without saying that section 323 never contemplated such a condition of affairs. Nor did this section contemplate that a party might require an adversary to admit a fact to ascertain the truth or falsity of which would put that adversary to trouble and expense. It is contingencies like these that are and will be the stumbling blocks to the application of this section, and that are keeping and will keep litigants from admitting facts other than those that will justify but one interpretation and facts that are known or are easily ascertainable.

This section may, and probably will, be abused in many instances, as is the case with rule 113. This rule 113, as I have had occasion to remark in a late decision, seems to have led to a practice of embarking on so-called " fishing excursions "— attempting even to go into the merits of counterclaims, which are outside the provisions of that rule. So with section 323, which, unless carefully applied, will have the same tendency and will open a way for some to place

KOPPEL INDUSTRIAL C. & E. Co. *v.* PORTALIS & Co., LTD. **673**

Misc. 670]                    Supreme Court, May, 1922.

upon an opponent the burden and expense necessary to prove their own case.

Section 323, to my mind, provides only for a demand for an admission of facts to which one's adversary has no denial in any shape or form, and which are known to him, or the truth or falsity of which are easily ascertainable by him. The purpose of the section, as well as the general scope of the new Practice Act and Rules, is to simplify the issues, shorten the trial and save time and expense in matters that can be proven, but whose proof will necessarily impose labor and expense on the party seeking to prove them which in justice should not be imposed.

In the present case we have what probably is to date the most comprehensive notice and demand made under section 323. This notice covers 115 folios, and contains 226 separately numbered paragraphs. It apparently covers to a great extent the field of the defendant's proof. To allow all these demands would be calling upon the plaintiff to prove his adversary's case, to disprove his own, and at the same time to pay all the expense. Some of the demands, if allowed, would call upon plaintiff to go to trouble and expense to acquire the knowledge sufficient to admit facts that are peculiarly within the knowledge of the defendant itself; some call for what, in so far as the papers before me show, is purely opinion evidence, or evidence that would be inadmissible at a trial. Others of the demands call for admission of what, for a better term, we shall call " half a fact," which, standing alone, might have to the court or jury an entirely different meaning than if the whole fact were presented. Surely it may not be held that this plaintiff should be directed to comply in full with such a notice. Section 323 requires not only a judicial but a judicious application. It should, as I have already indicated, apply to admissible facts; to an entire fact, not a half fact; to facts the truth or falsity of which the party may ascertain without much trouble or expense and without basing them on opinion.

I have gone over the many demands in the present notice and believe that a judicial and judicious application of section 323 calls for the granting of this motion only in part. It would be unreasonable to place such a burden upon the plaintiff as defendant's demands would impose. All those demands that call for questions of opinion, all that are not definitely ascertainable by the plaintiff, all that call for " half a fact," and all that would be inadmissible as evidence at the trial should be stricken out. An examination before trial would be more to the point on many of the items.

As to the first 53 items the parties should stipulate the

43

**674** Brooklyn Clothing Corp. *v.* Peoples Nat. Fire Ins. Co.

Supreme Court, May, 1922. [Vol. 118

essential parts of the various communications. If they are unable to do so, then I shall grant these items, but the plaintiff may in addition of the quoted parts include in its admissions what it claims are the other essential parts. In addition to the above the following items are allowed: Nos. 51, 52, 53, 107, 143, 144 and 192. The balance of the items are such as the plaintiff should not, at least at this time, be called upon to admit. The greater number of them call for facts peculiarly within the knowledge of defendant or based upon reports made to it. Motion granted as indicated. Settle order on notice.

Ordered accordingly.