## McCRATE v. MORGAN PACKING CO. et al.
### No. 4287.

District Court, N. D. Ohio, W. D.
March 10, 1939.

Ross W. Shumaker, of Toledo, Ohio, and Wm. E. Knepper, of Columbus, Ohio, for plaintiff.

C. M. Cable, of Lima, Ohio, for defendants.

KLOEB, District Judge.

Under date of January 10, 1939, and after the pleadings in the above case were closed, the plaintiff served upon the defendants her requests for admissions under Rule 36 by mailing a copy thereof to defendants' attorney of record. The requests were that the defendants make admissions of ten certain statements contained in the requests on or before January 25, 1939.

To these requests the defendants filed their motion to strike the requests from the files on January 14, 1939. At this date the defendants have not served upon the plaintiff a sworn statement either denying specifically the matters of which admission is requested or setting forth in detail the reasons why they cannot truthfully either admit or deny those matters.

Grounds alleged by the defendants for their motion are that Rule 36 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, refers only to documents, and that the answer heretofore filed by the defendants in the case specifically denies all facts alleged in plaintiff's petition and practically all of which are contained in the requests.

Rule 1 of the Federal Rules of Civil Procedure reads as follows: "These rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action."

On page 67, Volume 1 of "Moore's Federal Practice", we find the following: "The second sentence of Rule 1 provides that the Federal Rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action'. It is a general admonition, based on similar provisions in many state codes, and performs the useful function of making it clear at the outset that 'the rule of common law, that statutes in derogation thereof are to be strictly con-

strued', does not apply to the Federal Rules, which have the force of statutes".

Rule 36(a) reads as follows: "At any time after the pleadings are closed, a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth therein. Copies of the documents shall be delivered with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters."

On page 2652 of Volume 2, "Moore's Federal Practice", we find the following: "Rule 36 provides a procedure whereby either party may request his adversary to admit, for the purposes of the pending action only, (1) the genuineness of any relevant documents and (2) the truth or existence of any relevant facts. The first sentence of Rule 36, which provides for the admission both of the genuineness of documents and of the truth or existence of facts, is not happily phrased. * * * The last word of the above quotation, 'therein', was undoubtedly meant to refer to the request for admission and not to the documents, so that admissions may be requested as to the truth or existence of any relevant facts, and not merely of facts appearing in documents concerning whose genuineness an admission is requested."

On page 2658 of Volume 2, "Moore's Federal Practice", we find the following: "As pointed out earlier, the procedure for obtaining admissions of fact is to be used to obtain admission of facts as to which there is no real dispute and which the adverse party can admit cleanly, without qualifications. Typical of such facts are delivery, ownership of an automobile, master and servant relationship, and other facts of that nature which are not in dispute and of which an admission will greatly facilitate the proof at the trial. It is not intended

to be used to cover the entire case and every item of evidence."

It will be noted that questions 3, 5 and 8 of plaintiff's requests herein refer to the ownership of the tractor and the semi-trailer and to the servant relationship of the driver thereof to the defendants.

The form suggested by the Advisory Committee, and as found on page 2659 of "Moore's Federal Practice", Volume 2, clearly contemplates the filing of requests for an admission of the truth of certain statements having no connection with documents.

In the case of Walsh v. Connecticut Mutual Life Insurance Co., D.C., 26 F.Supp. 566, decided January 30, 1939 by Moscowitz, District Judge for the Eastern District of New York, we find paragraphs 1 and 2 of the Attorney General's headnote to Bulletin 15 reading as follows:

"1. A party served with a request for admissions of fact is deemed to have admitted all relevant facts if he does not within the time allowed by the Rules specifically deny them or set forth reasons why he cannot truthfully admit or deny them."

"2. The word 'therein' in the first sentence of Rule 36(a), 28 U.S.C.A. following section 723c, refers to matters of fact relevant to the pleadings and contained in the request for admissions and does not refer merely to matters of fact set forth in a document concerning which an admission of genuineness is requested."

The motion to strike requests for admission from the files is overruled. The time for answer has elapsed since the filing of the requests on January 10, 1939, but the Court will allow the service and filing of the sworn statement referred to in Rule 36 on or before March 18, 1939. In default of such action by the defendants, the requests will be deemed admitted.