## KRAUS v. GENERAL MOTORS CORPORATION et al.

District Court, S. D. New York.
July 25, 1939.

Edward E. Hoenig, of New York City, for plaintiff.

John Thomas Smith, of New York City, for defendant.

LEIBELL, District Judge.

Plaintiff in the above entitled action served a notice dated May 12, 1939, upon the defendants requesting them to admit the genuineness of, the truth of and the receipt by one of the defendants of a certain designated document. The defendants took no action in this regard. On July 18, 1939, a proposed order was submitted to me ex parte to direct that the genuineness of, the truth of and the receipt by the defendant of the said document be deemed admitted. I requested that notice be given the defendants and when this was done affidavits were submitted by the defendants in opposition to the proposed order. They contend that no time was designated in the notice within which the admissions or denials were to be made and, further, that there are no facts stated in the notice which they were requested to admit or deny.

██ The failure to designate a specific period does not render a notice pursuant to Rule 36, 28 U.S.C.A. following section 723c, defective. When no time is designated in the request, the sworn statement denying the matters of which admission is requested or setting forth the reasons why an admission or denial cannot be made must be served within ten days, unless the time is extended by the court upon motion. See Form 25 contained in Appendix to Rules wherein no provision for a specifically designated time-limit has been provided. Hence, I do not believe that the notice to admit was defective in this regard.

██ However, I am of the opinion that defendants' further objection is a substantial one. The notice requested the defendants to admit the genuineness of, the truth and the receipt by the defendant, AC Spark Plug Company of a certain letter and report. The defendants do admit the receipt and the genuineness of the document, but contend that said letter is a compound of statements of facts, self-serving declarations and opinions and that defendants should not be compelled to try and segregate the relevant facts therefrom and admit them. A perusal of the document reveals a sound basis for defendants' objection. Rule 36 has made a substantial change in procedure, placing the burden of affirmative action on the party upon whom the notice is served to avoid the admission rather than upon the party seeking the admission. Under the circumstances I am of the opinion that a request to admit should specifically set forth the relevant matters of fact on which an admission of truth is sought. The wording of Rule 36 (a) and Form 25 so indicate. See, also, Walsh v. Connecticut Mutual Life Ins. Co., D.C., 26 F.Supp. 566; McCrate v. Morgan Packing Co., D.C., 26 F.Supp. 812. The person called upon to make the admission should not be required to go through the document and assume the responsibility of determining what are "relevant matters of fact" and then decide what admissions he should make.

██ Accordingly, I am signing an order submitted by the plaintiff directing that the genuineness of and the receipt by the AC Spark Plug Company of the document be deemed admitted for the purposes of this action. However, I have stricken from the said order the provision relating to the truth of the facts contained in the said letter and report. The plaintiff should serve a request specifically designating the relevant facts which he seeks to have admitted as true.