**UNITED STATES v. SCHINE CHAIN THEATRES, Inc., et al.**
**Civil Action No. 223.**

District Court, W. D. New York.
Sept. 7, 1944.

See, also, 4 F.R.D. 108.

Robert L. Wright, Sp. Asst. to Atty. Gen., for plaintiff.

Edward F. McClennen, of Boston, Mass., and Willard S. McKay, of New York City, for Schine et al., defendants.

KNIGHT, District Judge.

Pursuant to the provisions of Rule 36(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiff served upon the defendants a written request for the admission of certain alleged material facts. The plaintiff now moves to strike the purported answer and to compel the filing of a "bona fide" answer.

The wording of Rule 36(a), supra, as Moore's Federal Practice, page 2652 Vol. 2, states, "is not happily phrased." It is agreed, however, that the word "therein" was intended to refer to "the truth or existence of any relevant facts, and not merely facts appearing in documents concerning whose genuineness an admission is requested." Vide also: Walsh v. Connecticut Mut. Life Ins. Co., D.C., 26 F. Supp. 566; McCrate v. Morgan Packing Co., D.C., 26 F.Supp. 812. So read, either party may request the admission for the purpose of the pending action only of (1) the genuineness of any relevant documents; and (2) the truth of any relevant facts. Rule 36 goes further than the English Rules Under the Judicature Act (The Annual Practice, 1937) O. 32. U. S. Equity Rule 58, 28 U.S.C.A. § 723 Appendix and the statutory provisions in numerous states. The New York Civil Practice Act, section 322, effective September 1, 1941 (repealing former sections 322 and 323), is

comparable with Rule 36, supra, save that it permits answers to be admitted with qualification or explanation where an admission "cannot be fairly admitted without some material qualification or explanation," or under certain other conditions not material here. Vide: N. Y. Laws 1941, Ch. 254; Ill. Rule 18, Ill.Rev.Stat. 1937, Ch. 110, sec. 259.18; Mass. Ann. Laws 1933, Ch. 231, sec. 69; Mich. Court Rules Ann. 1931, R. 42; N.J.S.A. 2.27–161; Wis. Stat. 1939, § 327.22; Seventh Annual Report of the Judicial Council, N. Y., p. 299–319.

■ It is well pointed out by the defendants that defendants herein may do any one of four things: (1) File no answer; (2) file an admission; (3) file a denial; or (4) file a statement setting forth in detail why the defendants can not truthfully either admit or deny the requests. The court has no power to compel the defendants to answer.

Rule 36 has gone further than any rule heretofore in the federal courts or in the state courts so far as we have been informed. The special necessity for the rule is seen in the instant case. This is a suit under the anti-trust statutes involving transactions concerning the acquisition, disposition and operation of many theatres now or once owned or operated by the defendants. One hundred sixteen requests have been submitted, each including numerous details. From the pleadings and from the interrogatories heretofore answered, it is apparent that there must be many matters, transactions and acts which are not and will not be in dispute. The theatres in question were or are located in six states. Unless Rule 36 were invoked, it is reasonably certain that the government would be required to bring numerous witnesses from these several states and many documents would be required to be proved and large expense would necessarily be incurred, but beyond this, not only the expense in producing these witnesses would be incurred, but the expense incident to the prolongation of the trial would be most considerable. Both parties express the attitude that these conditions should be obviated so far as is possible without relinquishment of material rights.

The attention of the court has been directed to certain expressions as to the proceedings under the rule being extra-judicial, (i.e.) that this court has not jurisdiction to pass upon the sufficiency of the admissions at this time, "except (a) in the case of the failure of a party to whom the requests are submitted to serve upon the opposite party the sworn statement called for by the rule thereby raising the question of the admission of matters covered by the request," citing United States v. United States Gypsum Co. et al., Action No. 8017, now pending. It is quite clear that under some circumstances it might be extra-judicial, but it is impossible to say from the record in that case just what application of the term extra-judicial was there made. All that Kraus v. General Motors Corp. et al., D.C., 29 F.Supp. 430, 431, cited by defendants holds is that "the request should specifically set forth the relevant matters." It is to be noted that the court thus did take jurisdiction.

Of course the court has no power to compel any answer herein. Rule 36 is to be construed in the light of its purpose. To effect this purpose, it may be necessary to clarify the meaning of the answers as respects whether they meet the rule. Unless this is done preceding the trial, the whole purpose of the rule may be defeated, because the wrong construction may be placed upon the admissions or denials.

The defendants preface their answer by the statement that "All facts admitted herein are admitted for the purpose of this trial only and are subject to all objections, including incompetency, irrelevancy and immateriality." The effect is correctly stated, though the statement is surplusage. Following this we find a broad statement that any statement "not specifically admitted or denied, shall be deemed denied on the ground that it is inaccurate, irrelevant, incompetent and/or immaterial, or because it is argumentative and calls for conclusion, or because the answering defendants have no competent knowledge of said statement." This is followed by a sentence which is in effect only repetitious of what precedes. Further, at the end of each of the answers to the requests, numbered 22 to 96, inclusive, we read: "Except as above admitted, the defendants deny all statements contained in request (number) for inaccuracy, irrelevancy, immateriality or because they are argumentative and call for conclusion" as therein admitted. This, again, is in effect a duplication of the first above quoted conditional denial.

■ "Denying specifically," as the words are used in the rule, it seems to me, means

either an absolute denial, or a denial upon information and belief with the sources thereof given.

■ Certainly by the exceptions and limitations above shown, there is no denial within the meaning of denial as above given. Furthermore, unless the denial is absolute, and it is not here, the defendants must detail their reasons why they can not truthfully admit or deny. No reasons given in the statements above-mentioned meet this rule. Whether the statement is "inaccurate, irrelevant, incompetent" is for the court upon the trial to say. If a request is "argumentative" or only "calls for a conclusion," no admission, denial or explanation is needed. The parts of the answer to which I have referred are "Catch-alls" and may be used to avoid certain consequences resulting either from an admission or a specific denial.

The plaintiff's motion is to strike the entire "answer to request for admission of facts." This can not be granted in toto. Some of the answers meet the provisions of the rule. Certain of the statements sought are too broad, and it is believed go beyond the purpose of the rule. I have carefully examined each question of the statement and the answers as submitted.

In the first place, all of the first page of the answer commencing with the words "Any statement contained" should be stricken, as well as the aforesaid quoted parts of the answer to requests numbered 21 to 96, inclusive.

With respect to request contained in Nos. 1 to 8, inclusive, the answer therein does not detail any reasons why defendants can not truthfully admit the clauses of the requests unanswered. The defendants are asked to state the distribution areas of certain producing companies and the number of pictures produced during certain periods. Defendants may or may not be in a position to have knowledge of these facts. If it has not it can remain silent or it can detail its reasons. The remainder of the answers may stand if the defendants so elect.

Defendants' answer to No. 9 it may well be said, as defendants say with reference to certain statements, is argumentative. The statement calls for answer to specified matters. The rule should be but is not followed. The so-called answer is confused by the statement that: "If the exhibitor defendants are required to make further answer to this request they deny the same for the above stated reasons and on the further ground of general inaccuracy."

■ The statement therein that the defendants "are unable to admit or deny * * *" is not a sufficient denial.

As to No. 10, it neither denies nor does it give any detailed reasons for admission or denial. The statement that the percentage "is presently unknown" does not meet the test. It would appear that the defendants would be in a position to know the percentage of rentals paid to named distributors. In any event it does not meet the rule.

As to Nos. 11, 12, 13, 14, 15, 16, 17, and 18—the answer is not sufficient, because it does not refer to the particular day or date mentioned in the request. 1933 may mean or refer to January or to December. The inquiry is made to August 1, 1933. Whether there is significance in this particular date, I am not advised.

As to requests Nos. 19 and 20, the reasons given, as hereinbefore indicated, are not sufficient either as admission or denial. Defendants base their denial upon those reasons. If I am correct in this conclusion, the effect of the answer is an admission.

As to No. 21 to No. 96, inclusive, as hereinbefore stated, the concluding clause of the answer should be stricken. Whether defendants wish to submit further answer is for their determination.

■ Though few of the answers included in 21 to 96, inclusive, are complete answers to requests, each is at least a partial answer, and the defendants have the right to stand on these, but they thereby assume the liability which may be attached to the failure to answer more fully. The admissions, if held material, relevant or competent on the trial, will be treated as admissions. It seems to me that it is reasonable to believe that many of these requests not fully answered could be more fully answered. There are, on the other hand, certain parts of some of these requests that need not be admitted or denied.

■ In a number of the requests, as illustrated in Request No. 46, answer is sought as to provisions of a temporary order of this court and as to whether such order has been obeyed. It seems to me that the defendants are in a position to

know whether this is true or whether it is not. While in numerous instances the defendants state that they have no knowledge as to whether there were "other theatres" in certain places, it would seem that they are in a position to know the fact. This is neither an admission nor a denial, and if treated as a denial, the plaintiff would be placed in the position of bringing witnesses from each of the locations to establish the fact as to the number of theatres. The statement that defendants "have no knowledge" does not, standing alone, meet any provisions of Rule 36. In this connection it is to be stated that it is not believed that the request seeking the answer as to whether a theatre was being operated "in opposition" to another theatre or theatres should be required to be answered nor is it a proper part of a request under the rule.

As to Requests Nos. 97, 98, and 99, the answer is deemed sufficient.

As to Requests Nos. 100 to 105, inclusive, and No. 107 and No. 116, the answer is considered as a denial.

As to Request No. 108, the answer is neither a specific denial nor does it set forth in detail the reasons why the defendants can not truthfully admit or deny. It is not sufficient to say that the defendants have "no competent knowledge."

As to Requests Nos. 108 to 112, inclusive, the answer is insufficient and should be stricken. It is not sufficient answer to say that defendants "intend, on the trial of this action, to present to the court an accurate statement."

As to Requests Nos. 113, 114 and 115, the answer is construed as a denial.

It has been a rather difficult task to construe and apply the forms followed by the defendants in their so-called admissions and denials. It does seem to me there are numerous respects in which defendants can and should either admit or deny specifically for the purpose of simplifying and expediting the trial as well as conserving much expense. I shall be glad to take up personally with the counsel for the parties any matters connected with these requests and answers in order that we can further the purposes of Rule 36. This, of course, is a matter that rests with the parties themselves.

An order may be prepared in accordance herewith.