[No. 30710. Department One. March 10, 1949.]

WEYERHAEUSER SALES COMPANY, *Respondent,* v. CHARLES R. HOLDEN *et al., Appellants.*[1]

[1] Reported in 203 P. (2d) 685.

*Chavelle & Chavelle,* for appellants.

*W. E. Heidinger* and *Oliver Malm,* for respondent.

STEINERT, J.—This was an action brought by the plaintiff to recover an amount alleged to be due and owing to it for lumber sold and delivered to the defendants. During the course of the proceedings, prior to the day of trial, plaintiff moved for judgment on the pleadings. The trial court granted the motion and entered judgment for plaintiff in the amount prayed for in the complaint. Defendants appealed.

Consideration of the questions involved upon this appeal entails an examination of the pleadings and other papers in the case, and necessitates an interpretation of Rule of Practice 21, 18 Wn. (2d) 45-a, promulgated by this court. For the purpose of clarity, we shall present, in chronological order, the course of the proceedings as they occurred in the superior court.

Respondent filed its complaint, verified February 11, 1948, alleging that between April 22, 1947, and June 4, 1947, it sold and delivered to appellants 392,515 board feet of lum-

ber, at and for the stated and agreed price or sum of $11,-272.87, no part of which had been paid, and praying for judgment in the amount so stated.

Appellants promptly served and filed a motion for itemization of the amount alleged in the complaint to be due and owing. Respondent in turn supplied the requested information by bill of particulars.

On March 15, 1948, appellants served, and two days later filed, their answer and cross-complaint. That portion of the pleading which constituted an answer to respondent's complaint admitted that the respondent corporation had delivered to appellants a total amount of 386,764 board feet of lumber, but denied each and every other allegation of the complaint, and further alleged, affirmatively, that the lumber so delivered was of an inferior and unusable quality, for which no sum whatever was due or owing to the respondent.

Then, by way of cross-complaint, appellants alleged that they were engaged in the business of manufacturing grain doors; that between January 15, 1947, and June 4, 1947, they ordered from the respondent lumber of a quality suitable for the manufacture of such doors, making known to the respondent the purpose for which appellants desired to use the lumber so ordered; that between the dates above mentioned, respondent delivered to appellants 1,689,883 board feet of lumber, and at the times of such deliveries warranted and represented that the lumber was of good quality, suitable for the purpose for which it had been ordered; that appellants relied upon such representations; that the lumber which was delivered to the appellants did not comply with respondent's warranties and representations, but that approximately sixty per cent thereof was unusable cull lumber of a "highly inferior" grade, not suitable for the manufacture of grain doors; and that, by reason of respondent's breach of warranty, appellants had sustained a cash loss of $31,117.47, together with an additional loss for necessary labor charges amounting to $17,844.61, constituting a total damage of $48,962.08, for which appellants asked judgment against respondent.

Upon receipt of appellants' answer and cross-complaint, respondent, on March 18, 1948, served, and thereafter filed, its motion asking that appellants be required to elect whether they would stand on their remedy by recoupment, in extinction of the purchase price of the lumber, as set up in the first paragraph of their answer, or whether they would stand on their cross-action for damages, as pleaded in their cross-complaint, and further asking that either the first paragraph of appellants' answer or else their entire cross-complaint be stricken. By letter dated March 24, 1948, appellants elected to stand on their cross-complaint for damages. The court thereupon entered an order, on April 1, 1948, striking paragraph one of appellants' answer, being all of appellants' pleading except that part which constituted a cross-complaint.

On April 2, 1948, respondent served, and on the next day filed, a pleading denominated a "reply," which was directed solely and entirely to appellants' *cross-complaint.* In that reply, respondent admitted that appellants were engaged in manufacturing grain doors and had from time to time purchased and received from respondent a quantity of lumber aggregating more than 1,689,883 board feet; but they denied each and every other allegation contained in the cross-complaint. Then, by way of an "affirmative reply" to the cross-complaint, respondent pleaded a series of defenses, set forth in six separate paragraphs. Since the affirmative portion of this reply has a special bearing upon the principal question here in dispute, we shall refer to the subject matter thereof with some particularity.

Paragraph I of the affirmative part of the reply filed by the respondent recites that between January 14 and April 16, 1947, respondent consigned and sent to appellants at Aberdeen, Washington, fifty shipments of lumber, listing each shipment by date, car number, and amount of board feet therein, and then states that

". . . all thereof was paid for by the defendants [appellants] after they had received it at their plant in Aberdeen and knew *or ought to have known* its grade, quality and condition and of the breach of any promise or warranty

with respect thereto, if any such breach there was." (Italics ours.)

Paragraph II of the affirmative matter of the reply alleged that other lumber, amounting to 5,227 board feet, was delivered by respondent to appellants at Longview, Washington, on March 26, 1947, and was paid for by appellants within two weeks after they had received it; that, at the time of paying for that shipment, appellants knew or *ought to have known* the grade, quality, and condition of the lumber, and knew or *ought to have known* of the breach of any promise or warranty with respect thereto, *if any there was*; and, further, that no notice of any such breach was ever given by appellants to the respondent.

Paragraph III listed fourteen shipments of lumber delivered by respondent to appellants at Longview between April 22 and June 4, 1947, giving the date, car number, and amount of board feet with respect to each of such shipments.

Paragraph IV reads, in full, as follows:

"(a) That all lumber sold and delivered by the plaintiff [respondent] to defendants [appellants] was sold to and purchased by the defendants on express written and printed 'terms of sale,' a copy of which was delivered to defendants upon receipt of each order for lumber and prior to delivery of the lumber ordered. Such terms of sale being set forth on the face and back of a single sheet of paper, on the face of which there was set forth a copy of the order, and the following notice to defendants, over the plaintiff's signature and in bold type:

" 'This is a copy of your order as it is being entered by us, subject to all terms and conditions on the face and the reverse side of this sheet. Please check carefully and if not in accordance with your understanding notify us at once by wire.'

And on the back or 'reverse side' of which appeared 'TERMS OF SALE,' followed by the terms of sale printed in clear, readily legible type.

"(b) That the defendants did not at any time, by wire or otherwise, notify or advise the plaintiff that any of such terms of sale were not in accordance with their understanding.

"(c) That said terms of sale, among other things, provided:

" 'In case of dispute over grade,' 'Lumber must be held intact until inspection and settlement is made. All claims must be filed within five (5) days after receipt of goods.'

" (d)   That the defendants did not hold said lumber intact as by said terms of sale provided, and did not file with the plaintiff or assert any claim with respect to any of said lumber within five days after receipt thereof, nor within any time approximating that period."

Paragraph V of the affirmative part of the reply alleged that *if* there was any breach of any promise or warranty on the part of the respondent with respect to any of the lumber, the appellants, after accepting the lumber, failed to give respondent notice of any such breach within a reasonable time after appellants knew or *ought to have known of the breach, if any there was.*

Paragraph VI alleged that *if* there was any breach of warranty with respect to any part of the lumber described above, such breach was waived by the appellants (a) by continuing to purchase such lumber in quantities, knowing its grade, quality, and condition; (b) by failing to hold the lumber intact until inspection and settlement, as required by the express terms of the sale; (c) by failing to file with the respondent, or assert, a claim within five days after receipt of the lumber, as required by the express terms of the sale; and (d) by making payment and settlement for lumber, other than that mentioned in respondent's complaint, after delivery thereof, with knowledge of its grade, quality, and condition.

On April 5, 1948, which was three days after service of its reply, described above, respondent served upon appellants' attorneys a written instrument denominated "Request for Admission of Facts." This request, which respondent claims is in accordance with the requirements of Rule of Practice 21, was couched in the following language:

"Comes now the plaintiff [respondent] and requests the defendants [appellants], on or before April 17, 1948, to admit that each and every allegation and averment contained in paragraphs I, II, III and IV of the plaintiff's affirmative reply to the cross-complaint of the defendants herein is true."

On April 20, 1948, no admission or response having been made by appellants with reference to the foregoing request, respondent served upon appellants a motion for judgment on the pleadings, in respondent's favor, or, in the alternative, for an order eliminating from the subject matter of appellants' cross-complaint all reference to lumber delivered by the respondent to the appellants, other than such lumber as formed the subject matter of the complaint filed by the respondent, and limiting the issues for trial to the shipments of lumber referred to in that complaint. After argument thereon by counsel, the trial court took the motion under advisement.

Pending decision by the trial court on the matter thus taken under advisement, appellants, on May 10, 1948, filed a pleading denominated "Reply to Affirmative Defense Contained in Plaintiff's [Respondent's] Reply to Cross-Complaint of Defendants [Appellants]." By that reply, to which we shall hereinafter refer as "appellants' reply," to distinguish it from respondent's reply mentioned above, hereinafter designated "respondent's affirmative reply," appellants admitted that the lumber described in paragraph I of respondent's affirmative reply had been paid for by appellants; admitted the allegations of paragraph II of the affirmative reply; admitted that some of the printed matter referred to in paragraph III was in existence during the various transactions between the parties; but denied each and every other allegation contained in respondent's affirmative reply. On motion of respondent, appellants' reply to respondent's affirmative reply was, by order of the trial court, stricken, solely on the ground that the statute (Rem. Rev. Stat., § 256 [P.P.C. § 85-3]) does not provide for such a pleading.

A few days later, on May 20, 1948, while the motion for judgment on the pleadings was still under advisement, appellants moved the court for an order granting them leave to file an amended answer and cross-complaint.

On May 27, 1948, the trial court delivered its memorandum opinion in which it ruled (1) that appellants' motion

for leave to file an amended answer and cross-complaint would be denied, for the reason that it came after respondent's motion for judgment on the pleadings had been made and was therefore too late; and (2) that respondent's motion for judgment on the pleadings would be granted, for the reason that appellants had neglected and failed to act upon respondent's request for "admission of facts," and therefore the allegations of respondent's affirmative reply concerning which the request was made were to be taken as true.

In accordance with the views expressed in the memorandum opinion, the trial court entered judgment granting respondent's motion for judgment on the pleadings, dismissing appellants' cross-complaint, denying appellants' motion to file an amended answer and cross-complaint, and awarding respondent recovery in the full amount prayed for in its complaint.

We think it is but fair and proper to state, at this point, that the trial court rested its decision solely upon what it considered to be the interpretation given by the United States supreme court to Federal Rules of Civil Procedure 36 and 37(c), as originally adopted, which, taken together, are identical in language with our Rule of Practice 21. These sections of the Federal rules were amended and clarified in certain respects in September, 1947, but those changes are not material here. The trial court stated in its memorandum opinion:

"From the authorities submitted to me under the interpretation of this rule, it seems that the federal court makes a very broad interpretation, and under its interpretation, failure to answer this request as it is set forth, is an admission of the truth of the affirmative matters set up in said paragraphs in the reply. This being so, the cross complaint must fall, and plaintiff [respondent] must have judgment on his complaint.

"I am not in accord with the broad application of this rule under the decision of the federal courts. It seems to me that the least requirement should be that plaintiff set forth specific matters in his request, and not be permitted to make the general request as it was made herein. I hope I am reversed and that our court will incorporate in our rule, as

a requirement thereof, the particularity set forth in the official form of 'request for admissions' adopted in the federal procedure. However, the federal decisions as they stand, require me to uphold the plaintiff's motion."

The grounds upon which the trial court granted judgment on the pleadings, in favor of respondent, were (a) that respondent's complaint stood undenied, since appellants' answer, in so far as it constituted a general denial of the complaint, had been stricken, and (b) that respondent's affirmative reply to appellants' cross-complaint stood undenied, by reason of the fact that appellants failed to answer or act upon respondent's request for admission of the facts alleged in the respondent's affirmative reply.

Under their several assignments of error, appellants contend that the trial court erred (1) in striking appellants' reply to respondent's affirmative reply, or defense; (2) in refusing to permit appellants to file an amended answer and cross-complaint; and (3) in holding that respondent's request for admission of facts was sufficient in form and substance, and, on the basis of such sufficiency, granting respondent's motion for judgment on the pleadings.

We shall not discuss the first two of these contentions made by the appellants, but, for the purposes of this case only, will assume that the trial court was correct in deciding those matters adversely to the appellants. We pursue this course for the reason that the main discussion in the briefs and the principal point in this controversy center upon the third contention mentioned above, and present the real question upon which the case was decided by the trial court.

The crucial question to be here determined is, therefore, whether appellants' failure to answer respondent's request for admission of facts constituted an admission of the allegations set forth in paragraphs I, II, III, and IV of respondent's affirmative reply referred to above. The answer to that question depends upon, and requires, a judicial construction of Rule of Practice 21, adopted by this court July 1, 1942 (11 Wn. (2d) xx; 18 Wn. (2d) 45-a). That rule, which

relates to "Admission of Facts and of Genuineness of Documents," reads as follows:

"(1) *Request for Admission.* At any time after the pleadings are closed, a party may serve upon any other party a written request for the admission by the latter of the *genuineness of any relevant documents described in and exhibited with the request, or of the truth of any relevant matters of fact set forth therein.* [Italics ours.] Copies of the documents shall be delivered with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters.

"(2) *Effect of Admission.* Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding.

"(3) *Expenses on Refusal to Admit.* If a party, after being served with a request under this rule to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made."

This rule, in its entirety, is an exact copy of Federal Rules of Civil Procedure 36 and 37 (c), combined, prior to their amendment in 1947. See 28 U.S.C.A. 622, 623, 630, § 723; 1 F.R.D. cvii-cix.

The purpose contemplated by such rule is two-fold: (1) to obviate or minimize the expense and labor of proving facts which will not be disputed on the trial, and the truth

of which can be ascertained with reasonable certainty; and (2) to expedite the trial by disposing, beforehand, of issues upon which there is no substantial controversy, even though the allegations in the pleadings of the one party may be formally denied by the other party. *Hanauer v. Siegel* (D.C., Ill. 1939) 29 F. Supp. 329; *Van Horne v. Hines* (D.C., D.C. 1940) 31 F. Supp. 346; *Spaeth v. Warner Bros. Pictures* (D.C., N.Y. 1941) 1 F.R.D. 729; *United States v. Schine Chain Theatres* (D.C., N.Y. 1944) 4 F.R.D. 109; Holtzoff, Desirability of Amending the Federal Rules of Civil Procedure (1942) 2 F.R.D. 495, 499-500; 14 Wash. L. Rev. 169; 28 Va. L. Rev. 358.

By the adoption of rules of this type, the courts have provided a convenient method for obtaining the admission of the genuineness of specified documents and the truth of certain facts. *Spaeth v. Warner Bros. Pictures, supra.*

The function of the "admission" provided for by the rule is not to serve as a form of pleading by and through which the general averments of an adversary's antecedent pleading are admitted or denied, and issues for trial thereby raised; that objective is the peculiar function of the formal pleadings themselves. The "request for admission" operates only after the pleadings "are closed," and its purpose is to elicit either an acknowledgment, confession, or avowal of the genuineness of specific documents or the truth of specific matters of fact, or else to evoke a sworn statement either denying the matters of which an admission is requested or setting forth in detail why the affiant cannot truthfully either deny or admit those matters. In *Van Horne v. Hines, supra,* it is stated:

"Neither plaintiff's request for admission nor defendant's sworn statement in response thereto may properly be regarded as pleadings in the case. The rule in direct terms makes the procedure available after the pleadings are closed. The procedure involved in the request by plaintiff and the sworn statement of defendant do not relate to the issues to be heard and determined but pertain to the manner or necessity of proof of the matters of fact set forth in the request."

■ The scope and orbit of the rule are indicated in its very first sentence, under the terms of which a means is afforded for procuring the admission

". . . of the genuineness of any relevant documents described in and exhibited *with the request,* or of the truth of any relevant matters of fact *set forth therein.*" (Italics ours.)

Copies of the documents are to be delivered with the request, unless copies have already been furnished.

It will be noted (1) that the documents concerning which the request is made must be described in, or exhibited with, the request, and (2) that the matters of fact, concerning the truth of which the admission is sought, must be "set forth therein," that is, set forth in the request. *Smyth v. Kaufman* (C.C.A. 2), 114 F. (2d) 40, 130 A. L. R. 951, and cases therein cited; 18 Hughes Federal Practice 211, § 22872; 2 Moore's Federal Practice 2652, § 36.01.

The rule contemplates, and sound reason dictates, that a request for admission of facts should specifically set forth the matters of fact concerning which an admission of truth is sought, and should describe any document concerning which an admission of genuineness is requested, exhibiting the document with the request, unless a copy thereof has theretofore been furnished, so that, in either instance, the party upon whom the request is made may be definitely advised as to just what facts are sought to be admitted and be thereby enabled specifically to admit or deny the truth or genuineness of the matters concerning which the request is made.

In *Kraus v. General Motors Corp.* (D.C., N.Y. 1939), 29 F. Supp. 430, the court said:

"Under the circumstances I am of the opinion that a request to admit should specifically set forth the relevant matters of fact on which an admission of truth is sought. The wording of Rule 36 (a) and Form 25 so indicate. See, also, *Walsh v. Connecticut Mutual Life Ins. Co.,* D.C., 26 F. Supp. 566; *McCrate v. Morgan Packing Co.,* D.C., 26 F. Supp. 812. The person called upon to make the admission should not be required to go through the document and assume the

responsibility of determining what are 'relevant matters of fact' and then decide what admissions he should make."

Supplementing the Federal Rules of Civil Procedure is an Appendix of Forms. The various forms contained in the appendix are, as stated in Rule 84, intended to indicate the simplicity and brevity of statement which the rules contemplate. *Washburn v. Moorman* (D.C., Cal. 1938), 25 F. Supp. 546. Form 25, referred to in the *Kraus* case, *supra,* and relating to "Request for Admission under Rule 36," reads as follows:

"Plaintiff A. B. requests defendant C. D. to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

"1. That each of the following documents, exhibited with this request, is genuine.

" (Here list the documents and describe each document.)

"2. That each of the following statements is true.

" (Here list the statements.)

"Signed: ........................................................................
Attorney for Plaintiff
"Address: ...................................................................."

The purpose of Rule 36 and illustrations of typical matters of fact contemplated by the rule, are well expressed in 2 Moore's Federal Practice 2658, § 36.03, as follows:

"As pointed out earlier, the procedure for obtaining admissions of fact is to be used to obtain admission of facts as to which there is no real dispute and which the adverse party can admit cleanly, without qualifications. Typical of such facts are delivery, ownership of an automobile, master and servant relationship, and other facts of that nature which are not in dispute and of which an admission will greatly facilitate the proof at the trial. It is not intended to be used to cover the entire case and every item of evidence. In a case in New York [*Koppel Industrial Car & Equipment Co. v. Portalis & Co.* (Sup. Ct. 1922) 118 Misc. 670, 195 N.Y. Supp. 24] the notice to admit covered 115 folios and contained 226 separately numbered paragraphs. The court condemned the practice of covering the whole field of evidence. Oral examination before trial, and not requests for admissions, is the proper procedure for obtaining a thoroughgoing examination of the entire case."

A similar statement will be found in the 1947 cumulative supplement to this same treatise, at page 268.

While no prescribed form for such "request for admission" has been adopted or expressly sanctioned by this court, we are clearly of the view that our Rule of Practice 21 contemplated the same method of procedure as that provided for by Rule 36 of Federal Rules of Civil Procedure, as interpreted by the Federal cases hereinabove cited. Accordingly, we now approve Form 25, referred to above, for use with reference to our Rule of Practice 21.

It should also be pointed out that it is not the purpose of the rule to elicit admissions of conclusions of law stated in the request, but, as the title of the rule indicates, only admissions of specific facts and of the genuineness of documents. *Fidelity Trust Co. v. Village of Stickney* (C.C.A. 7), 129 F. (2d) 506, 509.

Turning now to respondent's "Request for Admission of Facts," quoted above, and examining it in the light of the principles hereinbefore considered, we are of the opinion that the "request" does not comply with the provisions of Rule 21, either in letter or spirit. The request does not describe nor exhibit any document, the genuineness of which is sought to be admitted, nor does it indicate in itself that any such document had theretofore been furnished to appellants, but in that respect simply asks that each and every allegation and averment contained in paragraph IV of respondent's affirmative reply, wherein certain excerpts of an alleged document are quoted, be admitted as true. Further, the request "sets forth" no matters of fact, the truth of which is sought to be admitted, but, again, simply requests that each and every allegation and averment in paragraphs I, II, III, and IV of the affirmative reply be admitted as true.

It would have been a very simple matter for respondent, by using Form 25, referred to above, or one similar to it, to describe and identify the particular document, the genuineness of which it sought to be admitted, and to state specifically and definitely the matters of fact, the truth of which it likewise sought to be admitted. Had it taken that course, it would have been invested with the means of procuring

all that it was entitled to obtain under the rule, and appellants would have been enabled specifically to admit or deny the genuineness of the exhibited document and the truth of the facts *set forth,* without assuming the responsibility of determining what were "relevant matters of fact" and then deciding what admissions they should make.

Instead, respondent's form of request was, in effect, whether designedly so or not, an attempt to compel appellants to admit general allegations and averments of respondent's affirmative reply which, under the provisions of Rem. Rev. Stat., § 297 [P.P.C. § 86-27], are to be deemed to be denied. In other words, the request, whether followed by an express admission of the matters referred to therein or else by a failure to respond to the request, is, in this instance, being used and relied upon by the respondent to take the place of pleadings rather than perform the purposes and functions intended and provided for by the rule.

In this connection, it may also be noted that the allegations of respondent's affirmative reply, to which the request is directed, constitute a mixture of facts, conclusions, and argumentative statements, a combination which does not lend itself to the procedure prescribed by the rule.

For the reasons given, we are of the opinion that the trial court, in the situation here presented, erred in granting judgment on the pleadings in favor of the respondent.

In view of our decision upon the matter of the request for admission of facts, the other questions raised by the appellants, referred to above, become immaterial, and for that reason we do not discuss them.

The judgment is reversed, with direction to the trial court to proceed further in the case, in a manner not inconsistent with this opinion.

JEFFERS, C. J., BEALS, MALLERY, and HILL, JJ., concur.