■ NAT TAGER, Respondent, v. HEALY AVE. REALTY CORP. et al., Appellants.—

The formal findings of fact are modified as follows: (1) by striking out from finding No. 5 the provision that the

"*defendants* did duly agree to pay" the sum of $1,500, and the provision that interest is due thereon from November 20, 1956; (2) by striking out from finding No. 6 the provision that the "*defendants* did duly agree to pay" the sum of $5,357.72 and the provision that interest thereon is due from February 3, 1957; and (3) by substituting therefor, in each of said findings, a provision that interest is due from November 4, 1957. The following additional findings of fact are made: (a) That under the original contract and under the supplemental contracts for the extra work, upon the completion of his electrical work plaintiff was required to obtain from the City of New York certificates showing approval of his work. (b) That under said contracts plaintiff was entitled to full payment for his electrical work upon his completion of the work. (c) That plaintiff's electrical work under said contracts was completed on November 4, 1957, the date when the city issued its last certificates approving his work. (d) That said contracts were made by the plaintiff with defendant Solow Building Corporation only, and that said corporation only agreed to pay plaintiff the amounts due thereunder. The contracts were made by plaintiff with the defendant Solow Building Corporation only. The balance due under the original contract is $1,500. The amount due under the supplemental contracts for the extra work is $5,357.72. Under the contracts, on the completion of his work plaintiff was required to obtain from the City of New York certificates approving his work, and he was entitled to payment upon the completion of his work. The final certificates of such approval were obtained by the plaintiff and issued by the city on November 4, 1957. This date, we find to be the date on which plaintiff completed his work and performed his obligations under the contracts, and the date on which he was entitled to payment. Interest is due from the date upon which payment can be legally demanded; the cause of action then accrues. Hence, on the sums unpaid under the contracts the plaintiff here is entitled to interest from November 4, 1957, and not from the dates specified in the findings and judgment of the Special Term. Plaintiff was not entitled to file a lien for any sums due him under the original contract. That contract expressly provided that as to the work performed thereunder plaintiff waived his right to file a lien. By virtue of such express waiver plaintiff elected to rely exclusively upon the credit of the contracting party for the payment of the contract price (*Arrow Bldrs. Supply Corp.* v. *Hartsdale Town House,* 11 Misc 2d 746, affd. 7 A D 2d 755). Plaintiff, therefore, improperly included in his notice of lien the balance of $1,500 due him under the original contract. Such waiver of lien, however, did not extend to the $5,357.72 due for the extra work performed under the supplemental contracts (cf. Lien Law, § 34). Accordingly, the principal amount of the lien is required to be reduced by $1,500. While plaintiff is not entitled to the lien for the $1,500 balance due under the original contract, he is nevertheless entitled to a personal money judgment for said amount against the party with whom he made the contract, namely, Solow Building Corporation (cf. Lien Law, §§ 17, 54, 64; *Noce* v. *Kaufman,* 2 N Y 2d 347, 351–352; *Brigham* v. *Duany,* 241 N. Y. 435). Similarly, with respect to any deficiency which may result upon the foreclosure sale, plaintiff is entitled to a personal judgment for such deficiency only against Solow Building Corporation, the contracting party. Settle order on consent or on 10 days' written notice, the order to reflect the changes in the findings here made and the appropriate amounts of interest, computed as here indicated. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.