CLAYTON COLEMAN *et al., Appellants,* v. JOHN C.
ALTMAN *et al., Respondents.*

*Lee, Carney, Smart & Bever, Charles A. Kimbrough,* and
*Nelson T. Lee,* for appellants.

*Murray, Dunham & Waitt, Wayne Murray, Kafer, Giss-
berg & Wilson,* and *John F. Wilson,* for respondents.

FARRIS, A.C.J.—The Colemans brought action to recover
for personal injuries sustained by Mrs. Coleman when she
was struck at approximately 7:30 p.m. on December 13,
1968, by an automobile driven by Mr. Altman. It is not
disputed that Mrs. Coleman suffered extensive injuries. The
accident occurred on a rainy night in the city of Snohomish

on Second Street near its intersection with Bowen Street. Second Street runs in an easterly-westerly direction. Bowen Street runs in a northwesterly-southeasterly direction intersecting with, but not crossing through, Second Street.

An independent witness testified on deposition that Mrs. Coleman was struck while in the eastbound traveling lane of Second Street at a point described by the witness as being "[f]airly close to the center" of that lane. The point of impact on Mr. Altman's automobile was the left headlight area. Mrs. Coleman has no recollection of the events. Mr. Altman testified on deposition that he did not see Mrs. Coleman prior to impact. The Colemans contend that Mrs. Coleman, who was crossing Second Street from the south to the north sidewalk, was properly within an area which by virtue of RCW 46.04.160[1] is designated as an unmarked crosswalk and that Mr. Altman failed to yield the right-of-way to Mrs. Coleman. The trial court ruled as a matter of law that Mrs. Coleman was not within the boundaries of an unmarked crosswalk, that she was negligent as a matter of law, and granted summary judgment to the Altmans on the day set for trial. The Colemans appeal.

The question presented by this appeal is whether the trial court could rule as a matter of law that the place where Mrs. Coleman was struck by the Altman automobile was not within the statutory boundaries of an unmarked crosswalk. We answer the question affirmatively.

The Colemans contend on oral argument that under RCW 46.04.160 there can be two unmarked crosswalks at the immediate west side of the Second Street-Bowen Street intersection, to wit:

(1) a crosswalk which runs perpendicular to the north curb of Second Street from the southwest curb of the intersection; and

---

[1] "'Crosswalk' means the portion of the roadway between the intersection area and a prolongation or connection of the farthest sidewalk line or in the event there are no sidewalks then between the intersection area and a line ten feet therefrom, except as modified by a marked crosswalk."

(2) one which runs diagonally from the southwest curb of the intersection in a northwesterly direction across Second Street, following a route which is a prolongation or extension of the west sidewalk of Bowen Street (as the Altmans contend).

The Colemans urge that a proper judicial construction of the statute would require this court to rule that an unmarked crosswalk does in fact exist at the location first described above and, in any event, the proper procedure warranted by the factual situation here would have been for the trial court to instruct the jury with the pertinent statutory language and then allow the jury to resolve the issue of the location of the crosswalk. We disagree.

█ The trial court correctly analyzed the issue as follows:

[T]he evidence is undisputed that there is not a marked cross-walk at the intersection of Bowen and Second Street, and thus the relative rights and duties of the parties involved will be determined by the right and duties of a driver and a pedestrian as regards the unmarked cross-walk.

The issue of law involved and which is determinative of this matter, is where is the unmarked cross-walk located at the intersection of Bowen Street and Second Street in the City of Snohomish.

RCW 46.04.160 provides:

"Crosswalk" means the portion of the roadway between the intersection area and a prolongation or connection of the farthest sidewalk line or in the event there are no sidewalks then between the intersection area and a line ten feet therefrom, except as modified by a marked crosswalk.

The trial court properly interpreted this statutory language. The west sidewalk of Bowen Street runs parallel to the street. To place the point of impact within an unmarked crosswalk would require the beginning measuring point to be not a prolongation or connection of the farthest sidewalk lines as the statute requires, but instead the point of a jog in the curb out toward the intersection which

provides an area recessed for parking on the west side parallel to Bowen Street.

RCW 46.61.240(1) provides:

> Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

If Mrs. Coleman was not within an unmarked crosswalk at the intersection of Second Street and Bowen Street, she was required by RCW 46.61.240(1) to yield the right-of-way to all vehicles and her failure to yield the right-of-way to the Altman automobile would violate the provisions of the statute.

We agree with the trial court's conclusion:

> Bowen Street does have a sidewalk line, although there may be some question as to what constitutes the sidewalk line, in that there is some indentation south of Second Street on Bowen Street for parking. However, that slight indentation does not effect the decision in this matter. If the statutory definition of a cross-walk is taken, then the undisputed facts before this Court are that the plaintiff pedestrian would have been some 30 to 40 feet into the intersection, but not within the unmarked cross-walk.

When all evidence and all inferences from the evidence are considered in a light most favorable to the Colemans, there is no genuine issue of material fact. The court could properly apply the statutory language to the undisputed facts regarding the location of Mrs. Coleman in the intersection when she was struck by the automobile driven by Mr. Altman. If the unmarked crosswalk was at a 90-degree angle to Second Street, then the point of impact would have been within or very close to the crosswalk area, but the clear language of the controlling statute precludes a finding that the crosswalk was so located.

We adopt the language of the Supreme Court in *McKinney v. Preston Mill Co.*, 39 Wn.2d 681, 686, 237 P.2d 788 (1951):

> Difficult, and many times impractical, situations may arise by following the statute, and the traveling public

may become confused and not always be sure what action to take or the course to follow, thus increasing traveling hazards. But when the legislature sets the pattern, the courts if at all possible must follow it and apply the rules of the road accordingly. The same, if not greater, difficulty is encountered where the pedestrian is concerned. He must not use the intersection area, but must confine himself to the crosswalks if he is to have the right of way.

Requests for admission were served upon the Altmans by the Colemans. The requests were not answered and the reason given for the failure to answer is inadvertence of counsel. The critical admission of fact is:

That on December 13, 1968 immediately preceding the time of the accident the plaintiff, Grace Coleman, was walking across Second Street in the City of Snohomish having started from a sidewalk and corner on the south side of Second Street comprising one of the corners of the intersection of Bowen Street and Second Street. That Grace Coleman was walking on a diagonal line in a southeasterly to northwesterly direction toward the sidewalk on the north side of Second Street and in the portion of the roadway between the intersection area and a prolongation or connection of the farthest sidewalk line.

The Colemans urge the court to hold that the effect of the Altmans' failure to act on the request for admission results in the admission of facts as stated in the request, pursuant to CR 36. If we would make such a ruling, the result would be peculiar indeed. The position of the Colemans on appeal, as it was in the proceeding below, is not that Mrs. Coleman was "walking on a diagonal line in a southeasterly to northwesterly direction toward the sidewalk on the north side of Second Street and in the portion of the roadway between the intersection area and a prolongation or connection of the farthest sidewalk line", as stated in the request for admission, but that she was walking in a northerly direction across Second Street and that as she was approaching the center line in Second Street, she was struck in the left side by a vehicle driven by John C. Altman. This position is consistent with facts relating to

the location of Mrs. Coleman when she was struck by the automobile being driven by Mr. Altman. If we followed the Colemans' urging, a factual dispute would arise since the Altmans by failing to respond to the request for admission would admit that Mrs. Coleman was in one place, while Mrs. Coleman, in agreement with the undisputed evidence, argues that she was in another place. Whether Mrs. Coleman was within the statutory definition of an unmarked crosswalk when she was struck by the Altman vehicle is the ultimate question in issue. The central dispute then is over whether the point of impact was within the boundaries of an unmarked crosswalk; the location of the point of impact is not disputed.

The pleadings do not controvert the allegation of the Colemans' complaint regarding the point of impact which was also explored in the deposition of the independent witness. The request for admission was phrased in almost the exact language of RCW 46.04.160 which defines an unmarked crosswalk. That definition is also not in dispute. The Colemans were not and could not have been misled into believing, by the failure of the Altmans to answer the request for admission, that the Altmans would argue in trial that Mrs. Coleman was walking in a southeasterly to northwesterly direction to the north sidewalk on Second Street. The Colemans have not relied on the supposed admission and there has been no prejudice to them by the failure to answer. The Colemans argue on appeal that there can be two unmarked crosswalks in the area; they place Mrs. Coleman within one of them in their argument to the court and they rely upon the unanswered request for admission to place her within the other one.

"[Rules of court are] intended to promote and not to obstruct the administration of justice and thus enable the Court to do substantial justice rather than to decide cases upon technicalities which have no relationship whatever to the rights of the parties to the litigation." Walsh v. Connecticut Mutual Life Ins. Co., D.C., 26 F.Supp. 566. Consequently, "The admissions cannot be taken as controlling. Decisions should not be based on mere matters

of pleadings or technical admission." Frankel v. International Scrap Iron and Metal Co., D.C., 157 F.Supp. 709. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

(Italics omitted.) *Voisin v. Luke*, 249 La. 796, 807, 191 So. 2d 503 (1966). *See also Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686 (2d Cir. 1966).

■ The purpose of rule 36 is to eliminate from controversy matters which will not be disputed. It was not designed to discover facts but to circumscribe contested factual issues in a case so that issues which are disputed may be clearly and succinctly presented to the trier of facts. *Ranger Ins. Co. v. Culberson*, 49 F.R.D. 181 (N.D. Ga. 1969).

Upon the record before us, we hold that the trial court correctly concluded the requested admission was not a proper inquiry and the Altmans were not required to answer it.

Affirmed.

WILLIAMS and CALLOW, JJ., concur.