[No. 1058-1.    Division One—Panel 2.    October 30, 1972.]

REID SAND & GRAVEL, INC., *Plaintiff*, v. BELLEVUE PROPERTIES *et al.*, *Respondents*, RUSKIN FISHER AND ASSOCIATES, INC., *Appellant.*

*Kafer, Gissberg & Wilson* and *Benjamin A. Luchini,* for appellant.

*Montgomery, Purdue, Blankinship & Austin* and *George W. Akers,* for respondents.

JAMES, J.—By the terms of a contract in the form of a purchase order, Ruskin Fisher and Associates, Inc. agreed to perform engineering services for Goodrich Building Company. Pertinent to the issues raised by Ruskin Fisher's appeal is a "term and condition" of the contract by which Ruskin Fisher waives the right to file a lien for its services. Asserting the performance of services for which it was entitled to be paid the sum of $42,016.81, Ruskin Fisher filed a lien claiming an unpaid balance of $23,204.49. By this action Ruskin Fisher seeks judgment and a foreclosure of its lien, together with an allowance of reasonable attorneys' fees as provided by RCW 60.04.130.

The trial judge found that Ruskin Fisher performed "extra work" for which it was entitled to a judgment in the sum of $13,913.05. But, he also found that the extra work performed was within the contemplation of the purchase order (with the waiver of lien clause) and concluded that "Ruskin Fisher's claim of lien should be denied" together with its claim for attorneys' fees.

As its first assignment of error, Ruskin Fisher asserts that the trial judge erred as a matter of law in dismissing its lien claim. Ruskin Fisher reasons that because the trial judge entered judgment for "extra" work, it follows that the work was performed "as a result of new agreements between the parties." Ruskin Fisher argues that the new agreements were oral and did not include any waiver of lien rights. In support of its position, Ruskin Fisher cites *Tager v. Healy Ave. Realty Corp.*, 14 App. Div. 2d 584, 218 N.Y.S.2d 679 (1961). The holding in *Tager* is that a waiver in an original contract does not extend to a "supplemental" contract.

■ Whether the extra work for which judgment was granted was work contemplated by the "purchase order" contract or work performed pursuant to a new "supplemental" contract is a question of fact. If supported by substantial evidence, the trial judge's findings of fact must be accepted on appeal. *Huzzy v. Culbert Constr. Co.*, 5 Wn. App. 581, 489 P.2d 749 (1971). Ruskin Fisher elected to

perfect its appeal upon a short record and did not produce a statement of facts. We must therefore assume that there is substantial evidence to support the trial judge's finding that there was no supplemental contract. *Allied Stores Corp. v. North W. Bank,* 2 Wn. App. 778, 469 P.2d 993 (1970).

Ruskin Fisher's first assignment of error is not well taken.

At the conclusion of trial, and after an allowance of attorneys' fees had been refused because of the denial of the lien claim, Ruskin Fisher requested an allowance of attorneys' fees pursuant to CR 37(c) which provides for the assessment of costs, including reasonable attorneys' fees for an unwarranted denial of a request to admit the "truth of any matters of fact."

Ruskin Fisher asserts that the trial judge erred as a matter of law in denying the recovery of costs and attorneys' fees incurred in making proof upon denied requests for admission of facts.

Whether a denial of a request for admission of the truth of an alleged fact "of substantial importance" is unwarranted presents a question which the trial judge is best situated to resolve. Ruskin Fisher uses 30 pages of its 46-page brief to reproduce the answers to 93 of its 125 requests for admissions of fact. Its purpose is to demonstrate that in each instance the trial judge found that the asserted fact should have been admitted. We do not so interpret the trial judge's ruling. The general thrust of the assertions embodied in Ruskin Fisher's requests for admissions was that, upon Goodrich's order and direction, Ruskin · Fisher rendered services beyond those required by the contract. This was the gut issue in the trial. The trial judge found that Ruskin Fisher was owed $13,913.05 for "extra" work. But in reaching this result he did not find that Goodrich's responses to Ruskin Fisher's requests placed an unnecessary burden of proof upon Ruskin Fisher. On the contrary, the trial judge found that Goodrich's answers were "adequate within the rule."

Significantly, by its answer to request No. 36 (which Ruskin Fisher did not reproduce in its brief), Goodrich admitted the accuracy of Ruskin Fisher's summary of work performed by it but qualified its answer by stating that "by this admission the defendants do not intend to be bound by the classification of the summary as to what is within the scope of the purchase order and what is without the scope of the purchase order."

■■ The trial's result demonstrates that there was a legitimate dispute between the parties as to what portion of Ruskin Fisher's work was "extra" within the contemplation of the contract. It is not a proper use of CR 36 to request an adversary to admit, in effect, the truth of the assertion that he should lose the lawsuit. A trial is a mechanism designed for the resolution of a mixed bag of fact and law questions.

> Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove. 4 Moore's Federal Practice, 36.04[2]; Wright, Federal Courts, sec. 89 at p. 343. Accordingly, requests for admissions as to central facts in dispute are beyond the proper scope of the rule. Such requests have consistently been held improper. Kasar v. Miller Printing Machine Co., 36 F.R.D. 200 (W.D.Penn., 1964); Lantz v. New York Central R.R. Co., 37 F.R.D. 69 (N.D.Ohio, 1963); Fuhr v. New-foundland-St. Lawrence Shipping Ltd., 24 F.R.D. 9 (S.D.N.Y. 1959).

*Pickens v. Equitable Life Assur. Soc'y of United States,* 413 F.2d 1390, 1393 (5th Cir. 1969).

In *Weyerhaeuser Sales Co. v. Holden,* 32 Wn.2d 714, 726, 203 P.2d 685 (1949), the purpose of CR 36 is stated to be

> well expressed in 2 Moore's Federal Practice 2658, § 36.03, as follows:
>
> "As pointed out earlier, the procedure for obtaining admissions of fact is to be used to obtain admission of facts as to which there is no real dispute and which the adverse party can admit cleanly, without qualifications. Typical of such facts are delivery, ownership of an automobile, master and servant relationship, and other facts of that nature which are not in dispute and of which an

admission will greatly facilitate the proof at the trial. It is not intended to be used to cover the entire case and every item of evidence.

Similarly, in *Coleman v. Altman*, 7 Wn. App. 80, 86, 497 P.2d 1338 (1972), we said:

> The purpose of rule 36 is to eliminate from controversy matters which will not be disputed. It was not designed to discover facts but to circumscribe contested factual issues in a case so that issues which are disputed may be clearly and succinctly presented to the trier of facts. [Citation omitted.]

■■ The inherent nature of the decision to allow or deny costs and attorneys' fees sanctioned by CR 37(c) requires the exercise of judicial discretion. There are no categorical criteria to guide a trial judge.

> Generally speaking, the trial court has broad discretion under Rule 37 to make whatever [*sic*] disposition is just in the light of the facts of the particular case, and the purpose of the rule is to make available to the court the means of preventing injustice when one party has by his conduct placed the other party at an unfair disadvantage.

(Footnote omitted.) Annot., 2 A.L.R. Fed. 811, 816 (1969). A discretionary determination by a trial judge will not be disturbed on appeal "except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Nothing in the record before us suggests an abuse of discretion by the trial judge.

Affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.