[No. 64544-7-I.  Division One.  January 24, 2011.]

CAROL MAVIS, *Appellant*, v. KING COUNTY PUBLIC HOSPITAL DISTRICT NO. 2, *Respondent*.

642

*Mario A. Bianchi* (of *Lasher Holzafel Sperry Ebberson PLLC*), for appellant.

*Amy K. Robles* (of *McIntyre & Barns PLLC*), for respondent.

¶1 SPEARMAN, J. — Carol Mavis was injured inside the garage at Evergreen Hospital. She sent a claim for damages to Evergreen by certified mail with return receipt requested. An Evergreen employee signed the return receipt on Saturday, January 31, 2009. The trial court agreed with Evergreen that the claim was not "presented" until the following Monday, February 2. It dismissed Mavis's lawsuit with prejudice because she had commenced her lawsuit one day early, precisely on the 60th day, thus failing to comply with the 60-day waiting period under RCW 4.96.020(4). Mavis makes several arguments as to why the trial court erred in granting summary judgment, including that Evergreen failed to comply with RCW 4.96.020 and is precluded from raising a defense under the statute. We agree and reverse. We affirm the trial court's denial of Mavis's request for attorney fees under CR 37(c) because we find no abuse of discretion, and we award no attorney fees on appeal.

## FACTS

¶2 On February 7, 2006, Mavis was returning to her car in the garage at Evergreen Hospital when she fell over a 4-inch steel pipe protruding out of a 10x10 inch steel plate bolted to the garage floor. She hit her head on the concrete and suffered injuries, including vertigo and scars on her

face and forehead. The pipe was the support base of a yield sign that had been removed. There were no signs warning of danger.

¶3 On Friday, January 30, 2009, Mavis's counsel mailed to Evergreen, via United States certified mail with return receipt requested, a "Claims Against King County Public Hospital District No. 2"[1] (notice of claim). The notice of claim was addressed to Steven E. Brown, who was identified as Evergreen's designated agent in a December 14, 2001 designation of agent on file at the King County Recorder's Office. Unbeknownst to Mavis at the time, the Board of Commissioners of King County Public Hospital District No. 2 (Board) had adopted Resolution No. 818-08 on August 19, 2008, appointing Beverly Barksdale as the agent to receive claims and repealing all prior resolutions insofar as they were inconsistent with Resolution No. 818-08.

¶4 The return receipt card was returned to Mavis's counsel and showed that it had been signed by Emma F. Bach on Saturday, January 31, 2009. The notice of claim was internally stamped "RECEIVED" by Evergreen Healthcare Administration on February 2, 2009 and "Bev Barksdale" was written in hand above the stamp, although these facts were not known to Mavis until later. Based on the date of January 31, 2009, Mavis calculated that the 60-day waiting period required by RCW 4.96.020(4) expired on April 1, 2009. She did not hear from Evergreen by then and filed a summons and complaint on April 3, 2009.

¶5 Evergreen filed a motion for summary judgment on September 18, 2009, arguing that Mavis's lawsuit should be dismissed with prejudice because she failed to wait a full 60 days before commencing her lawsuit, as required by RCW 4.96.020(4), and because the statute of limitations had expired. Evergreen claimed that although the return receipt was signed on January 31, it was not received by its intended recipient until the following business day, Monday,

---

[1] Evergreen is known legally as King County Public Hospital District No. 2.

February 2, 2009. It argued that because Mavis filed her lawsuit on April 3, 2009, she filed it one day early: exactly on the 60th day. In response, Mavis argued that her claim should be deemed "presented" when Evergreen's representative, Bach, signed the return receipt on January 31, 2009.

¶6 On November 12, 2009, the trial court granted Evergreen's motion for summary judgment in its entirety, making the following rulings:

> 1. That Defendant Evergreen Healthcare's Motion for Summary Judgment is GRANTED and all of Plaintiff's claims against Defendant Evergreen Healthcare, are dismissed with prejudice, on the basis that there is no evidence in the record for the [court] to find that the switchboard operator was the authorized agent to receive the claim or that she had authority to accept the claim. The first business day after receipt by the operator was Monday, Feb. 2, 2009 which is the day of presentation for purposes of complying with the statute.
>
> 2. The [court] denies the request for fees & admissions but does not strike the request.
>
> 3. The [court] denies the request to apply the amendments to [chapter] 4.96 [RCW] retroactively.

¶7 Mavis appeals, claiming that the trial court erred in granting summary judgment and in denying her request for attorney fees based on CR 37(c).

## DISCUSSION

¶8 Mavis makes three main arguments respecting why the trial court erred in granting summary judgment: (1) Evergreen is precluded from raising a defense under RCW 4.96.020 because it failed to comply with the statute; (2) the Washington State Legislature's July 2009 amendment to RCW 4.96.020 should have been applied, either retroactively or as strong evidence of the statute's original intent; and (3) Evergreen constructively received her notice of claim on January 31, 2009. We hold that Evergreen failed to comply with RCW 4.96.020 because in August 2008, it adopted Resolution No. 818-08—which named Beverly

Barksdale as its designated agent to receive claims and repealed any prior resolutions—but failed to record Barksdale's identity and address at the county auditor's office. Our decision rests solely on that ground, and we do not consider Mavis's other arguments. We affirm the trial court's ruling denying her request for attorney fees under CR 37(c) because we find no abuse of discretion.

## Summary Judgment

█ █ ¶9 This court reviews summary judgment decisions de novo, engaging in the same inquiry as the trial court. *Michak v. Transnation Title Ins. Co.*, 148 Wn.2d 788, 794-95, 64 P.3d 22 (2003). We review questions of statutory interpretation de novo. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005).

¶10 RCW 4.96.020 creates a notice requirement for tort claims made against political subdivisions, municipalities, and quasi-municipal corporations. The statute provides, in part:

> All claims for damages against a local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, shall be presented to the agent within the applicable period of limitations within which an action must be commenced.

RCW 4.96.020(2). The statute creates a waiting period for the filing of a lawsuit after presenting a notice of claim:

> No action shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct *until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof.* The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

Former RCW 4.96.020(4) (2006)[2] (emphasis added).

---

[2] RCW 4.96.020(4) was amended by Laws of 2009, ch. 433, § 1 (effective July 26, 2009) to state:

¶11 Local government entities must strictly comply with RCW 4.96.020 in order to raise a defense under the statute:

The governing body of each local governmental entity shall appoint an agent to receive any claim for damages made under this chapter. The identity of the agent and the address where he or she may be reached during the normal business hours of the local governmental entity are public records and shall be recorded with the auditor of the county in which the entity is located. . . . *The failure of a local governmental entity to comply with the requirements of this section precludes that local governmental entity from raising a defense under this chapter.*

RCW 4.96.020(2) (emphasis added). In *Estate of Connelly v. Snohomish County Public Utility District No. 1*, 145 Wn. App. 941, 187 P.3d 842 (2008),[3] we held that a public utility district was precluded from asserting what effectively constituted a defense under RCW 4.96.020 where it failed to appoint a designated agent and record the agent's identity with the county auditor's office. The district acknowledged that it had failed to appoint an agent and could not raise a defense under the statute but argued that the estate's claim was barred because it had failed to comply with the three-year statute of limitations. The estate responded that it had

---

No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

In this case, the applicable statute is the former version requiring filing with the governing body, but the parties' dispute does not concern the date on which Mavis's claim was "filed" with Evergreen.

[3] Neither party cites *Connelly*.

tolled the statute of limitations for 60 days by serving the county auditor and that the district was precluded from complaining that the estate's service on the auditor was improper and did not trigger the statute's tolling provision. We agreed and held that the district's argument that service of the notice of claim on the auditor failed to trigger the tolling provision constituted a "defense" under the claim filing statute.

¶12 Mavis argues that Evergreen may not raise a defense under RCW 4.96.020 because Evergreen itself failed to follow the procedures for designating an agent as required under that statute, with respect to either Brown or Barksdale. Regarding Brown, she claims that although his name and address were on file at the recorder's office, nothing in the record shows that the Board appointed him as the agent. She contends that even if it did, Brown's appointment was repealed on August 19, 2008 through Resolution No. 818-08. Regarding Barksdale, Mavis argues that while the Board designated her on August 19, 2008 as its agent to receive claims and instructed that her identity be recorded with the auditor, Evergreen failed to follow through with the latter step.

¶13 In response, Evergreen claims that Brown was its designated agent at all times in January 2009. It contends that Mavis, in arguing that Barksdale was the designated agent, was relying upon an "internal resolution" that as of November 6, 2009, had not been implemented or recorded because Evergreen had decided to make changes to it.[4] Evergreen contends that Barksdale never testified to being the designated agent for claims in 2009. Evergreen also argues that Mavis should be judicially estopped from claiming for the first time on appeal that Brown was not Evergreen's designated agent. It points out that she argued

---

[4] Evergreen acknowledges referencing the resolution in its motion but contends that it clarified in its reply brief that the resolution was not operable or enforceable. It contends that its public recording with the recorder's office, designating Steven Brown as its designated agent for presentation of claims, was the operative document.

to the trial court "that the internal resolution was not enforceable because it had not been published or publically [sic] recorded and that CEO [Chief Executive Officer] Brown was Evergreen's designated agent."

¶14 In reply, Mavis points to this statement in Barksdale's declaration: " 'I am the Executive Assistant to Steven Brown the Chief Executive Officer and designated agent of King County Public Hospital District No. 2.' "[5] Mavis contends that Barksdale's statement is consistent with Resolution No. 818-08 and consistent with the fact that the notice of claim was directed internally to her and not Brown. She contends that there is no evidence in the record that Brown ever received the notice of claim or that Resolution No. 818-08 was an "internal" document. Mavis also claims that she properly challenged Evergreen's compliance with RCW 4.96.020 before the trial court.[6] She contends that she had two distinct *legal*—not factual— positions: (1) Resolution No. 818-08 should not be enforced against her because it was not recorded with the King County Recorder's Office and (2) Evergreen failed to comply with the requirements of RCW 4.96.020(2) when it did not identify Barksdale as its designated agent.

¶15 We hold that Evergreen is precluded from raising a defense under RCW 4.96.020 because it failed to comply with the statute. RCW 4.96.020(2) essentially creates two requirements for a governmental entity: (1) it must appoint an agent to receive claims for damages and (2) it must record the identity and address of that agent with the county recorder's office. The first requirement obviously

---

[5] The absence of commas (Should it be read, "I am the Executive Assistant to Steven Brown, the Chief Executive Officer, and designated agent of King County Public Hospital District No. 2" or "I am the Executive Assistant to Steven Brown, the Chief Executive Officer and designated agent of King County Public Hospital District No. 2"?) makes it difficult to discern whether Barksdale meant that she or Brown was the designated agent.

[6] She points to footnote 1 of her response to summary judgment filed October 5, 2009 and her brief filed on October 30, 2009. Mavis also argues that if judicial estoppel is applied to any party, it should be to Evergreen, which submitted Resolution No. 818-08 as an "operative document" as part of its motion for summary judgment and then claimed it was not operable or enforceable.

must take place before the second, and it is illogical that a governmental entity can be considered to be in compliance with the statute when the agent that it has appointed to receive claims is not the same agent whose identity it has registered at the county recorder's office.

¶16 Here, Evergreen appointed Barksdale as its designated agent on August 19, 2008 through Resolution No. 818-08 (Resolution). The Resolution states, in part:

NOW, THEREFORE, BE IT RESOLVED by the Board of Commissioners of King County Public Hospital District No. 2 as follows, to wit:

1. In accordance with RCW 4.96.020, the Board hereby appoints the Administrative Assistant to the Superintendent of the District (presently Beverly J. Barksdale) to act as agent (the "Agent") to receive a Claim.

. . . .

ADOPTED and APPROVED at a regular open public meeting of the Board of Commissioners, held in compliance with the requirements of the Open Public Meetings Act, on the 19th day of August, 2008, the following Commissioners being present and voting in favor of this resolution . . . .

The document was signed by each commissioner, and signed by general counsel James S. Fitzgerald with the statement "Approved as to content and form." The Resolution was certified by the Board's secretary:

I, R. August Kempf, Secretary of the Board of Commissioners of King County Public Hospital District No. 2, King County, Washington, hereby certify that the foregoing copy of Resolution No. 818-08 is a true and correct copy of the original resolution adopted on the 19th day of August, 2008 as that Resolution appears in the Minute Book of the District.

Dated this 19th day of August, 2008.

It was then signed by Kempf. Finally, the Resolution states, "All prior Resolutions are hereby repealed insofar as the same may be inconsistent with this Resolution No. 818-08."

¶17 As of August 19, 2008, Brown was no longer Evergreen's designated agent. But Evergreen failed to follow up

with the Resolution by recording Barksdale's identity and address with the county recorder's office. Therefore, it failed to comply with both requirements of the claim filing statute. Its claim that the document was not "enforceable" because it was an "internal document" that was still undergoing review is not well taken. The Resolution was adopted at an open public meeting, and there is no evidence in the record that it was subsequently repealed by the Board. Counsel for Evergreen conceded at oral argument that there is no such evidence in the record. There is no merit in Evergreen's characterization of the Resolution as an internal, nonenforceable document.

¶18 We decline to apply judicial estoppel to Mavis's argument. The equitable doctrine of judicial estoppel prevents a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position in another court proceeding. *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538, 160 P.3d 13 (2007). A court focuses on three core factors when deciding whether to apply the doctrine of judicial estoppel:

> "(1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

*Miller v. Campbell*, 164 Wn.2d 529, 539, 192 P.3d 352 (2008) (quoting *Arkison*, 160 Wn.2d at 538-39).

¶19 At summary judgment, Evergreen argued that Emma Bach "was not legally authorized to accept service of a Notice of Claim on behalf of Evergreen Healthcare" because Evergreen had specifically created a resolution designating the proper persons to receive a notice of claim, referencing Resolution No. 818-08. In response, Mavis wrote, "[P]laintiff contests the enforceability of Evergreen Resolution Hospital 818-08, because it does not appear to have been

recorded at the King County Recorder's Office." Mavis also raised the issue of why this failure to record the Resolution constituted failure to comply with RCW 4.96.020. In a supplemental brief, Mavis asserted that Brown was not the designated agent for Evergreen because of Resolution No. 818-08.

¶20 Mavis's positions that (1) Resolution No. 818-08 was not enforceable against her (for the purpose of countering Evergreen's argument that she had failed to serve its designated agent as named in Resolution No. 818-08) because it was not *recorded* and (2) Brown was the designated agent on file at the county recorder's office are not inconsistent with her positions that (1) the Resolution named the actual person (Barksdale) whom the Board had designated to receive notices of claims and (2) Evergreen is precluded from raising a defense under RCW 4.96.020 where it failed to record Barksdale's identity and address at the county recorder's office. Therefore, judicial estoppel does not apply.

¶21 Furthermore, to the extent Mavis raises any arguments for the first time on appeal, we exercise our discretion to consider them. Generally, a party's failure to raise an issue before the trial court precludes the party from raising the issue on appeal. *Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983); RAP 2.5. "But if an issue raised for the first time on appeal is 'arguably related' to issues raised in the trial court, a court may exercise its discretion to consider newly-articulated theories for the first time on appeal." *Lunsford v. Saberhagen Holdings, Inc.*, 139 Wn. App. 334, 338, 160 P.3d 1089 (2007). Here, the issues of the designated agent's identity and the parties' compliance with RCW 4.96.020 were certainly before the trial court.

*Mavis's Request for Attorney Fees and Costs Below*

¶22 The trial court denied Mavis's request for attorney fees under CR 37(c), which provides for reasonable expenses and attorney fees incurred by a party in proving

the truth of an issue that the opposing party failed to admit in its responses to CR 36 requests for admission. " '[T]he trial court has broad discretion under Rule 37 to make wh[a]tever . . . disposition is just in the light of the facts of the particular case, and the purpose of the rule is to make available to the court the means of preventing injustice when one party has by his conduct placed the other party at an unfair disadvantage.' " *Reid Sand & Gravel, Inc. v. Bellevue Props.*, 7 Wn. App. 701, 705, 502 P.2d 480 (1972) (quoting J.F. Ghent, Annotation, *Sanctions for Failure to Make Discovery Under Federal Civil Procedure Rule 37 as Affected by Defaulting Party's Good Faith Attempts to Comply*, 2 A.L.R. FED. 811, 816 (1969)).

¶23 On August 27, 2009, Mavis provided Evergreen a copy of the return receipt showing that Bach signed for the notice of claim on January 31, 2009. On that date, she also served her first requests for admission to Evergreen Healthcare, in which she propounded the following requests for admission:

> REQUEST FOR ADMISSION NO. 21: Admit Evergreen Healthcare Facilities received the attached document titled *Claims Against King County Public Hospital District No. 2* on January 31, 2009.

> REQUEST FOR ADMISSION NO. 22: Admit that the attached document titled *Claims Against King County Public Hospital District No. 2* complies with the requirements of RCW 4.96.020.

Evergreen denied both requests for admission.

¶24 Mavis contends that Evergreen's denial was based not on the facts but on Evergreen's legal theory that Mavis's notice of claim should not be deemed "presented" within the meaning of RCW 4.96.020(2) until February 2, 2009. She argues that if she prevails in this appeal, she will have successfully controverted Evergreen's denials and proved request for admission 21. In that event, she requests this court to award her attorney fees and costs incurred in defending against Evergreen's motion for summary judgment, pursuant to CR 37(c).

¶25 Evergreen argues that because the trial court granted summary judgment, it did not need to reach discovery issues and that Mavis improperly tried to insert discovery issues into her response to summary judgment instead of filing a motion for discovery sanctions as required by CR 37 and King County Local Civil Rule 37. Evergreen contends that a court may not consider a CR 37 discovery motion unless it contains counsel's certification that the meet-and-confer requirements of CR 26(i) have been met. Additionally, Evergreen asserts that its responses to Mavis's requests for admission were proper.

¶26 We reject Mavis's claim. Evergreen did not dispute before the trial court that Bach signed for the notice of claim on January 31, 2009. The trial court acknowledged the truth of this fact.[7] CR 37(c) permits a party to recover its expenses in proving the truth of a disputed matter. Here, summary judgment did not rest on the truth of request for admission 21, but rather on whether Mavis's claim was properly "presented" in accordance with RCW 4.96.020. Therefore, her attorney fees at summary judgment could not have been spent on proving the truth of request for admission 21 specifically.

## Attorney Fees and Costs on Appeal

¶27 Mavis requests attorney fees on appeal pursuant to CR 37(c). Evergreen makes its own request for fees and costs on appeal as the prevailing party but does not cite

---

[7] Its order granting summary judgment makes clear that it recognized the date on which Bach signed for the notice of claim: "[A]ll of Plaintiff's claims against Defendant Evergreen Healthcare, are dismissed with prejudice, on the basis that there is no evidence in the record for the [court] to find that the switchboard operator was the authorized agent to receive the claim or that she had authority to accept the claim. The first business day after receipt by the operator was Monday, Feb. 2, 2009 which is the day of presentation for purposes of complying with the statute."

any legal authority itself. We deny both parties' requests for fees; neither is supported.

¶28 Reversed on summary judgment. Otherwise affirmed.

DWYER, C.J., and GROSSE, J., concur.