# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of: )
                                            )

GUADALUPE GALINDO-TOVAR, )

         Appellant, )

         and )

CHRISTOPHER JAMES TAFOYA, )

         Respondent. )

DIVISION ONE

No. 73736-8-I

UNPUBLISHED OPINION

FILED: March 13, 2017

DWYER, J. — Guadalupe Galindo-Tovar appeals the trial court's orders dissolving her marriage of nearly five years to Christopher Tafoya. Galindo-Tovar challenges the court's valuation of property and the award of maintenance. Because she fails to establish either any legal error or that the court abused its discretion in making any challenged ruling, we affirm.

I

Guadalupe Galindo-Tovar and Christopher Tafoya were married in April 2009. They had no children together. In 2011, Tafoya pleaded guilty to a domestic violence charge of assault in the fourth degree involving Galindo-Tovar.

The parties separated in February 2014. Shortly after, Galindo-Tovar petitioned for and obtained a domestic violence protection order against Tafoya. She also filed a petition to dissolve the marriage. Approximately nine months before the dissolution trial, a superior court commissioner entered a temporary order awarding maintenance to Galindo-Tovar of $1,000 per month. The court also ordered Tafoya to pay Galindo-Tovar's uninsured medical expenses related to domestic violence assaults he committed prior to and on the date of separation.

The dissolution trial took place over three days in June 2015. Although the parties initially retained attorneys, both represented themselves at trial. The primary issues before the court were valuation and distribution of property and maintenance. In addition to the testimony of the parties, the court considered numerous exhibits and the testimony of two friends, a volunteer financial advisor, and an attorney who represented Galindo-Tafoya in a previous matter.

The court made findings at the conclusion of the trial.

1. The court finds that the actions of the respondent husband during the relationship fit the definition of domestic violence, pursuant to RCW 26.50.010. The court found the petitioner wife credible.

2. The court finds that petitioner wife is the economically disadvantaged spouse.

3. The court finds that the petitioner wife is a victim of domestic violence.

4. The court finds that the respondent husband maintained the care, custody and control of petitioner wife's personal belongings, including her immigration documents. As a result, petitioner wife has been unable to become employed since the parties separated.

5. The court finds that the respondent husband retained and/or destroyed petitioner's personal property and the court is assigning value to petitioner's personal property in the amount of $15,000.00. The court determined this based upon a list of personal property that was provided to the court, along with evidence that the Petitioner had an extensive shoe collection, clothing, sporting equipment and other property. The court notes that the amount awarded is significantly less than that requested by the Petitioner, but relied heavily on the testimony of witnesses including the parties' volunteer financial planner.

6. The court finds that the parties owned at least $10,000 in community property, all of which has been retained by the respondent husband. This community property includes, but is not limited to, supplies for the business and any cash assets maintained by the parties, including uncashed checks. Petitioner wife is awarded sixty percent of the value of that community property or $6,000.

7. The court finds that respondent husband is awarded an offset of the judgments outlined above in the amount of $2,000.00 based on the parties joint IRS Tax Debt.

8. Petitioner wife is awarded a total judgment in the amount of $19,000.00.

The court entered a decree dissolving the marriage. The court awarded judgment of $19,000 to Galindo-Tovar, representing the value of her separate property and her share of the community property. The court also awarded attorney fees of approximately $9,500 to Galindo-Tovar for fees incurred, in part, due to Tafoya's lack of cooperation and compliance with discovery. The court allocated liability to Tafoya for approximately $1,500 of outstanding medical bills. The court ordered continued monthly maintenance of $1,000 for one year. The court also extended the previously entered domestic violence protection order for an additional 18 months.

Galindo-Tovar appeals.[1] Tafoya has neither appeared in this proceeding nor filed a responsive brief.

II

Requests for admission are generally deemed admitted against a party who fails to serve responses or objections to the requests within 30 days, unless the court orders otherwise. CR 36(a). Galindo-Tovar contends that the trial court erred when it failed to give conclusive effect to unanswered CR 36 requests for admission and, instead, determined the value of separate and community property based on evidence presented at trial. Had the court properly applied CR 36(a), Galindo-Tovar maintains that she would have been entitled to a judgment of approximately $170,000, assuming that the court allocated the assets to the parties based on the same percentages.

In a dissolution action, the trial court must order a "just and equitable" distribution of the parties' assets and liabilities, whether community or separate. RCW 26.09.080. All property is before the court for distribution. In re Marriage of Farmer, 172 Wn.2d 616, 625, 259 P.3d 256 (2011). In reaching a just and equitable property division, the trial court must consider the following nonexclusive factors: (1) the nature and extent of the community property, (2) the nature and extent of the separate property, (3) the duration of the marriage, and (4) the economic circumstances of each spouse at the time the property division is to become effective. RCW 26.09.080; In re Marriage of Rockwell, 141 Wn.

---

[1] Galindo-Tovar was initially represented by counsel on appeal. Although appellate counsel did not formally file a notice to withdraw from the case, at some point during the pendency of the appeal, he ceased communicating with his client and failed to file an opening brief. Galindo-Tovar has filed a pro se brief of appellant.

App. 235, 242-43, 170 P.3d 572 (2007). A just and equitable division "does not require mathematical precision," but must be fair in light of the circumstances of the marriage and future needs of the parties. In re Marriage of Crosetto, 82 Wn. App. 545, 556, 918 P.2d 954 (1996).

A court has broad discretion in valuing property in a dissolution action, and its valuation will not be reversed on appeal absent a manifest abuse of discretion. Rockwell, 141 Wn. App. at 242-43. A manifest abuse of discretion occurs when the discretion was exercised on untenable grounds. In re Marriage of Muhammad, 153 Wn.2d 795, 803, 108 P.3d 779 (2005). Valuation of property that is within the scope of evidence will not be disturbed on appeal. In re Marriage of Mathews, 70 Wn. App. 116, 122, 853 P.2d 462 (1993).

Contrary to her argument on appeal, the facts set forth in Galindo-Tovar's CR 36 requests for admission did not establish the value of all the property before the court. The record on appeal includes three sets of CR 36 requests for admission filed in February 2015. Included among these was a single request to admit the value of property. That request asked Tafoya to admit or deny that, when the parties separated, they possessed at least $13,500 in "accumulated, unclaimed, and untaxed cash" as proceeds from the housecleaning business they operated for a period during the marriage. The remainder of the requests were related to matters such as tax filings, Tafoya's domestic violence conviction, the February 2014 incident that precipitated the separation, and reimbursement for medical expenses. The third set of requests pertained to the existence of personal property and included an approximately 40-page attached list identifying

personal property items Galindo-Tovar claimed she possessed when the parties married and property acquired during the marriage. Galindo-Tovar's requests sought to confirm the accuracy of the list, but did not seek a concession as to the value of the property. Galindo-Tovar maintains that a fourth set of requests, served on Tafoya in March 2015, established that the value of her separate property was $147,700 and the value of the personal property acquired by the marital community was $9,700. However, the record on appeal does not include a fourth set of CR 36 requests.

As such, Galindo-Tovar's claim that she was prejudiced by the trial court's failure to properly apply CR 36 is not supported by the record. The CR 36 requests in the record sought admission as to facts that were either irrelevant to the legal issues before the court or consistent with the court's findings. Treating the factual assertions in the CR 36 requests as admissions would not have prevented the court from making an independent determination of value. "It is well established that errors in civil cases are rarely grounds for relief without a showing of prejudice." Saleemi v. Doctor's Assocs., Inc., 176 Wn.2d 368, 380, 292 P.3d 108 (2013); see also Thomas v. French, 99 Wn.2d 95, 104, 659 P.2d 1097 (1983) ("[E]rror without prejudice is not grounds for reversal.").

Even if the CR 36 requests specifically addressed the value of all property at issue, the decision to admit evidence of value—a central fact in dispute—was within the court's discretion. See Hume v. Am. Disposal Co., 124 Wn.2d 656, 666, 880 P.2d 988 (1994) ("admission or refusal of evidence lies largely within the sound discretion of the trial court "); see also Johnson v. DeSoto County Bd.

6

of Comm'rs, 204 F.3d 1335, 1341 (11th Cir 2000) ("The scope and effect of admissions (like the scope and effect of stipulations) is a matter for determination by the trial court, in the exercise of its broad discretion."). CR 36 admissions must be evaluated in light of the purposes behind the rule, the disputed issues, and surrounding circumstances.

> "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove. 4 Moore's Federal Practice, 36.04[2]; Wright, Federal Courts, sec. 89 at p. 343. Accordingly, requests for admissions as to central facts in dispute are beyond the proper scope of the rule. Such requests have consistently been held improper. Kasar v. Miller Printing Machine Co., 36 F.R.D. 200 (W.D.Penn., 1964); Lantz v. New York Central R.R. Co., 37 F.R.D. 69 (N.D.Ohio, 1963); Fuhr v. Newfoundland-St. Lawrence Shipping Ltd., 24 F.R.D. 9 (S.D.N.Y.1959)."

Reid Sand & Gravel, Inc. v. Bellevue Props., 7 Wn. App. 701, 704, 502 P.2d 480 (1972) (quoting Pickens v. Equitable Life Assur. Soc'y, 413 F.2d 1390, 1393 (5th Cir. 1969)). Nor can we say that it was an abuse of discretion for the trial court to conclude, as it did here, that its obligation to order a just and equitable division of property was best served by considering proof of value to support its decision.

> "[Rules of court are] intended to promote and not to obstruct the administration of justice and thus enable the Court to do substantial justice rather than to decide cases upon technicalities which have no relationship whatever to the rights of the parties to the litigation. Consequently, [t]he admissions cannot be taken as controlling. Decisions should not be based on mere matters of pleadings or technical admission."

Coleman v. Altman, 7 Wn. App. 80, 85-86, 497 P.2d 1338 (1972) (first alteration in original) (citations and internal quotation marks omitted) (quoting Voisin v. Luke, 191 So.2d 503 (1966)). Galindo-Tovar fails to establish that the court abused its discretion or that she was prejudiced.

7

III

Galindo-Tovar next claims that the trial court abused its discretion by refusing to consider evidence of domestic violence and her related medical needs. Consequently, she argues that the court awarded maintenance that is insufficient in both amount and duration.

The purpose of spousal maintenance is to help support a spouse until he or she is able to become self-supporting. In re Marriage of Irwin, 64 Wn. App. 38, 55, 822 P.2d 797 (1992); In re Marriage of Luckey, 73 Wn. App. 201, 209, 868 P.2d 189 (1994). Under RCW 26.09.090(1), the trial court may award maintenance to either spouse in an amount and for a duration deemed just, considering six nonexclusive factors: (1) the respective financial resources and ability to independently meet needs, (2) the length of the marriage, (3) the time necessary for the spouse receiving maintenance to acquire employment-related education or training, (4) the standard of living established during the marriage, (5) the age, health, and financial obligations of the spouse receiving maintenance, and (6) the ability of the spouse paying maintenance to support himself or herself as well as the spouse receiving maintenance.

There is no entitlement to maintenance under RCW 26.09.090. Irwin, 64 Wn. App. at 55. And where a trial court awards maintenance, the court has considerable discretion as to the amount and duration of the award. Luckey, 73 Wn. App. at 209. The relevant consideration in determining the propriety of an award of maintenance is whether such an award is just. Luckey, 73 Wn. App. at 209.

The trial court did not disparage Galindo-Tovar nor did it refuse to consider any relevant evidence. The remarks that Galindo-Tovar relies on to support her argument are taken out of context. The court repeatedly advised Galindo-Tovar that evidence about domestic violence did not assist the court in determining the character and value of property. At the same time, the court expressly acknowledged that Galindo-Tovar was the victim of domestic violence during the marriage and that her resulting medical issues were relevant to her request for maintenance.

In particular, the court did not exclude the testimony of any witnesses who would have informed the court about the extent of Galindo-Tovar's need for continued medical care. The court admitted the evidence offered by Galindo-Tovar to establish the amount of medical expenses she incurred before and during the 15-month separation that Tafoya had been previously ordered to pay. The court excluded two of Galindo-Tovar's proposed witnesses on the third day of trial, but neither witness would have testified about the scope of medical treatment Galindo-Tovar needed or any other issue pertinent to future maintenance. According to the record, one witness would have testified that the parties considered purchasing a home during the marriage. The purchase did not occur and the court appropriately ruled that the testimony was not relevant. The court also excluded the testimony of a process server who would have testified that he assisted Galindo-Tovar with various tasks because of a domestic violence-related arm injury she sustained and her difficulty attending to matters

that require sustained concentration.[2] The court ruled that this evidence would not be helpful. The court explained to Galindo-Tovar that she could testify about her own health and medical issues and offered to take judicial notice of the fact that her arm was injured in a domestic violence incident for which she required medical care.

Galindo-Tovar's claim that the maintenance award is "arbitrary, unjust and inadequate" fails to recognize the court's broad discretion with respect to maintenance and that the court awarded maintenance to her even though she received the larger share of the parties' assets, the marriage was short-term, and the parties were relatively young and without dependents when they dissolved their marriage.[3] Galindo-Tovar presented no evidence at trial to substantiate her assertion that she will require "tens of thousands" of dollars' worth of future medical care related to domestic violence.

Galindo-Tovar also claims that the maintenance award is insufficient to allow her to maintain her predissolution standard of living. But there was conflicting evidence about the parties' standard of living and, while the standard of living maintained during the marriage is one factor to consider in determining maintenance, it is not controlling. The record reflects that the court properly considered the statutory factors set forth in RCW 26.09.090(1) as well as Galindo-Tovar's need for "continued medical care, portions of which are necessary due to the domestic violence that occurred during the marriage."

---

[2] Galindo-Tovar informed the court that she suffers from attention deficit disorder.
[3] Both parties were under 40 years old at the time of the dissolution.

10

We affirm the trial court's orders.

We concur: